WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR13-08084-PCT-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| Billy Charley Young, | |
| Defendant. | |

On August 6, 2013, Defendant Billy Charley Young filed a motion to preclude evidence of acquitted conduct. Doc. 40. On August 16, 2013, the government filed its response. Doc. 52. The Court heard oral argument on September 3, 2013. For the following reasons, the Court will deny Defendant's motion.

**I.     Background.**

Defendant is charged with Aggravated Sexual Abuse of a Minor in violation of 18 U.S.C. §§ 1153, 2241(c), and 2246(2)(C). The government alleges that on or between November 1, 2012 and January 13, 2013, Defendant sexually assaulted a young girl below the age of 12.

In 1992, Defendant was charged with Attempted Aggravated Sexual Assault in violation of 18 U.S.C. §§ 2241(a)(1), 1153, and 2245(2)(A). In that instance, the Defendant allegedly attempted to have intercourse with a 12-year-old girl while he was employed as her bus driver. Defendant ultimately signed a confession admitting that he had sexual relations with the girl, but was subsequently acquitted at trial.

The government seeks to admit evidence of the 1992 signed confession pursuant to Federal Rules of Evidence 413, 414 and 404(b).  Defendant rejoins that admitting the confession in light of his acquittal would violate his rights under the Double Jeopardy Clause, the doctrine of collateral estoppel, and the corpus delecti requirement for substantial evidence.  For reasons stated on the record at the September 3, 2013 hearing, the Court rejected the double jeopardy and corpus delecti arguments.  This order will be limited to collateral estoppel.

**II.     Legal Standard.**

When analyzing a party's attempt to assert collateral estoppel, "[t]he party asserting preclusion bears the burden of showing with clarity and certainty what was determined by the prior judgment." *Clark v. Bear Stearns & Co., Inc.*, 966 F.2d 1318, 1321 (9th Cir. 1992).  "To foreclose relitigation of an issue under collateral estoppel: (1) the issue at stake must be identical to the one alleged in the prior litigation;  (2) the issue must have been actually litigated in the prior litigation;  and (3) the determination of the issue in the prior litigation must have been a critical and necessary part of the judgment in the earlier action." *Id.* at 1320.

Collateral estoppel applies only to prohibit the government from relitigating an issue of ultimate fact that has been previously determined by a valid and final judgment.  Collateral estoppel does not bar the later use of evidence simply because it relates to alleged criminal conduct for which a defendant has been acquitted. *See Dowling v. U.S.*, 493 U.S. 342, 348-50 (1990).

**III.    Analysis.**

Because he was acquitted of committing the alleged forcible sex act on a 12-year-old minor in 1992, Defendant argues that no evidence of that event can be introduced in a subsequent criminal proceeding. The Court concludes, however, that collateral estoppel does not apply to the government's use of the evidence in this case.

In *Dowling*, the Supreme Court explained that collateral estoppel prohibits the government from relitigating an issue of ultimate fact that has been determined by a valid

and final judgment. Id. at 347 (citing *Ashe v. Swenson*, 397 U.S. 436 (1990)). *Dowling* involved an appeal by a defendant, Reuben Dowling, convicted of bank robbery. On July 8, 1985, a man wearing a ski mask and armed with a small pistol robbed a bank in Frederiksted, St. Croix, Virgin Islands. The culprit ran from the bank and eventually escaped in a taxi. Another man, Delroy Christian, sitting in a getaway car, was arrested at the scene. Dowling was eventually arrested and charged with the bank robbery. During Dowling's trial, the government called Ms. Henry to testify that a man wearing a mask and carrying a small handgun had, together with Delroy Christian, entered her home two weeks after the bank robbery. A struggle had ensued, and Henry had managed to unmask the intruder, whom she identified as Dowling. Dowling was charged with entering Ms. Henry's home, but was acquitted. Nevertheless, the government elicited Henry's testimony because it believed that Henry's description of Dowling as wearing a mask and carrying a gun similar to those used in the bank robbery, and the fact that he entered her home with Delroy Christian (the getaway driver in the bank robbery), strengthened the government's identification of Dowling as the bank robber. On appeal, Dowling argued that Ms. Henry's testimony should have been excluded under the doctrine of collateral estoppel.

The Supreme Court held that collateral estoppel did not bar the use of Ms. Henry's testimony notwithstanding Dowling's previous acquittal of all crimes in connection with the invasion of Ms. Henry's home. *Dowling* explained that where a prior acquittal does not determine an ultimate issue in the present case, it does not bar admission of evidence related to the prior acquittal under the doctrine of collateral estoppel. *See id*. at 348. Because Dowling's alleged invasion of Henry's home was not an ultimate issue in the prosecution for bank robbery, but instead was admitted only as evidence of Dowling's involvement in the bank robbery, Henry's testimony was not barred by collateral estoppel.

Defendant's motion to preclude evidence of the confession made in 1992 suffers from the same flaws as the defendant's argument in *Dowling*. The doctrine of collateral

estoppel does not exclude all relevant and probative evidence that is otherwise admissible under the Rules of Evidence simply because that evidence relates to alleged criminal conduct for which a defendant has been acquitted. *See id.* Such evidence is excluded only if it determines an ultimate issue in the present case. *See id.* The confession signed by Defendant in 1992 is not an ultimate issue in the present case. Rather, the government seeks to introduce the confession consistent with Federal Rules of Evidence 413 and 414 to demonstrate Defendant's propensity to engage in sexual acts against minors. As such, admission of the confession is not barred by collateral estoppel.[1]

**IT IS ORDERED** that Defendant's motion to preclude evidence of acquitted conduct (Doc. 40) is **denied**.

Dated this 10th day of September, 2013.

_____
David G. Campbell
United States District Judge

---

[1] Even if the doctrine of collateral estoppel applied in the present case, it would not bar evidence of the 1992 confession. The Supreme Court explained that "[w]here a previous judgment of acquittal was based upon a general verdict, as is usually the case, this approach requires a court to 'examine the record of a prior proceeding, taking into account the pleadings, evidence, charge, and other relevant matter, and conclude whether a rational jury could have grounded its verdict upon an issue other than that which the defendant seeks to foreclose from consideration.'" *Ashe v. Swenson*, 397 U.S. 436, 444 (1970). The jury in Defendant's previous criminal proceeding was asked whether Defendant committed a *forcible* sex act upon the 12-year-old victim. The judgment of acquittal, which was based on a general verdict, found that Defendant did not commit a *forcible* sex act. Crucial for collateral estoppel purposes, the jury did not necessarily find that Defendant did not commit a sexual act with the victim, which is exactly what Defendant confessed to have done. Because the jury could have grounded its verdict on an issue (lack of force) other than that which Defendant seeks to foreclose in this case (a sexual act with a minor), collateral estoppel would not bar admission of the 1992 confession.